UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER GALLAGHER,

                Petitioner,

v.                                                   9:16-CV-1532
                                                          (MAD)

WENDY KELLY, et. al.,

                Respondents.

---

APPEARANCES                                     OF COUNSEL

CHRISTOPHER GALLAGHER
Petitioner, pro se
Safe Harbor of Little Rock
4800 Spring Boulevard
Little Rock, AR 72206

OFFICE OF DAVID L. GRUENBERG      DAVID L. GRUENBERG, ESQ.
Attorneys for Wendy Kelly
54 Second Street
Troy, NY 12180

HON. ERIC T. SCHNEIDERMAN       PRISCILLA I. STEWARD, AAG
New York State Attorney General
Attorneys for New York Attorney General
  and New York State Department of
  Corrections and Community Supervision
120 Broadway
New York, NY 10271

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    In December 2016, petitioner Christopher Gallagher filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition; Dkt. No. 1-1, "Petition for Writ of

Habeas Corpus Ad Testificandum."

On March 24, 2017, two of the respondents, the New York Attorney General and the New York State Department of Corrections and Community Supervision ("DOCCS"), moved to dismiss the petition pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction because petitioner is not in custody in the State of New York. Dkt. No. 9, Notice of Motion; Dkt. No. 9-1, Memorandum of Law in Support of Motion to Dismiss the Petition for a Writ of Habeas Corpus; Dkt. No. 9-2, Declaration; Dkt. Nos. 9-3 through 9-6, Exhibits. On March 31, 2017, respondent Wendy Kelly filed a response to the petition. Dkt. No. 11, Response with Exhibits.

On April 3, 2017, petitioner filed a letter notifying the Court he has been released to Safe Harbor of Little Rock, a residential facility for Arkansas parolees. Dkt. No. 12, Letter. He stated, "I am still on parole and still on state custody as I am under restraint of the Arkansas State Parole; referred to as Arkansas Community Corrections (ACC)." *Id.* He also stated he was "a seeking positive discussion regarding [his] request of Habeas Corpus with the purpose of returning to New York State." *Id.* On April 27, 2017, petitioner was given an opportunity to respond to the arguments made by the respondents. Dkt. No. 14, Text Order. To date, he has not done so.

For the reasons that follow, this action is dismissed.

## II.   RELEVANT BACKGROUND

On October 2, 2013, petitioner pleaded guilty in a White County, Arkansas, state court to three counts of delivery of methamphetamine. Pet. at 2;[1] Dkt. No. 9-3 at 1-3; Dkt. No. 11

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

at 1.  He was sentenced to serve 60 months in prison in the Arkansas Department of Correction.  Pet. at 2; Dkt. No. 9-3 at 1-3; Dkt. No. 11 at 1, 9-11.

Petitioner asserts that he was granted out of state parole on March 17, 2015.  Pet. at 2; Dkt. No. 1-1 at 1-2.  Petitioner sought to have his parole supervision transferred to New York pursuant to the Interstate Compact for Adult Offender Supervision.  Dkt. No. 9-5 at 6-12; Dkt. No 11 at 20-28.  While his request was pending, an Arkansas parole board approved petitioner for release to Arkansas Community Correction supervision in June 2015, "subject to the approval of a suitable parole release plan."  Dkt. No. 11 at 2, 12-17; *see* Dkt. No. 9-6 at 1-47.

On August 20, 2015, New York denied petitioner's request to transfer his parole to that state.  Dkt. No. 9-5 at 2-5, 9-12; Dkt. No. 11 at 20-28.  On October 14, 2015, New York confirmed that decision, noting that "the sponsor's [sic] son who is a convicted felon plans on residing in the residence by the end of October," and "New York State's standard conditions prohibit fraternization with known felons[.]"  Dkt. No. 11 at 28.  Because petitioner was unable to find a suitable transitional facility in Arkansas, petitioner was not released to parole and remained in the custody of the Arkansas Department of Correction.  Pet. at 2-4; Dkt. No. 11 at 2.

In April 2016, petitioner filed a habeas petition pursuant to 28 U.S.C. §2254 in the Eastern District of Arkansas in which he sought immediate release to parole supervision.  Dkt. No. 9-6.  The petition was denied and dismissed on the merits on October 6, 2016.  *Gallagher v. Kelley*, 5:16-CV-00113, 2016 WL 5868091 (E.D. Ark. Sept. 26, 2016), *report adopted* 2016 WL 5867423 (E.D. Ark. Oct. 6, 2016).

Petitioner filed this action in December 2016.  The crux of his argument is that the

3

Arkansas Department of Correction's refusal to release him to parole supervision was a "direct result" of New York's refusal to accept his request to transfer parole supervision to that state. Pet. at 2; Dkt. No. 1-1 at 2-5. He appears to assert that Wendy Kelly, the Director for the Arkansas Department of Corrections, is acting as an agent for New York State by improperly continuing his confinement in Arkansas. Pet. at 2-4. Petitioner asks this Court "to analogize Respondents [sic] actions of refusing to accept his parole as though New York has lodg[ed] a detainer which then effects his liberty interest," and asks for an order directing New York to explain its decision. Pet. at 4; *see* Dkt. No. 1-1 at 1-2. Finally, petitioner argues the Arkansas parole board's actions violated his right to due process, and he has a liberty interest in the grant of parole. Dkt. No. 1-1 at 2-5. As noted above, petitioner was released to Arkansas Community Correction supervision in April 2017. Dkt. No. 12.

### III.    DISCUSSION

A district court may properly dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure et al.*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Petitioner bears the burden of demonstrating that the court has subject matter jurisdiction. *Luckett*, 290 F.3d at 497; *Linares v. Barkley*, No. 9:09-CV-1191 (DNH/RFT), 2010 WL 4962998 at *2 (N.D.N.Y. Oct. 8, 2010), *adopted* 2010 WL 4955854 (N.D.N.Y. Dec. 1, 2010).

Petitioner brought this action pursuant to 28 U.S.C. §2241, which provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),

4

(c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *see Doe v. Terrell*, No. 1:09-CV-5834, 2010 WL 743180 at *3 (S.D.N.Y. Feb. 25, 2010) ("Although §2241 may be invoked by prisoners 'in custody under or by color of the authority of the United States' or 'in custody in violation of the Constitution or laws or treaties of the United States,' 28 U.S.C. § 2241(c), the statute pertains to challenges to the execution of a *federal* sentence.") (emphasis in original, quoting *Robinson v. Atkinson*, No. 1:03-CV-5176, 2004 WL 1798129 at *2 (S.D.N.Y. Aug. 5, 2004)).

State prisoners, like petitioner, must bring challenges both to the execution of a sentence and to underlying convictions under 28 U.S.C. §2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Cook*, 321 F.3d at 278. When he filed this action, petitioner was an Arkansas state prisoner challenging a decision by the Arkansas state parole board. *See* Pet. He has since been released to Arkansas Community Correction supervision, and remains "in custody" under that state's supervision. Section 2254 is therefore the appropriate jurisdictional base for petitioner's claims. *Cook*, 321 F.3d at 277.[2] Regardless, however, of how this petition is characterized,

---

[2] As noted, petitioner challenged the same Arkansas parole decisions in his previous habeas petition, which was denied and dismissed on the merits in 2016. *Gallagher*, 2016 WL 5868091 (E.D. Ark. Sept. 26, 2016), *report adopted* 2016 WL 5867423 (E.D. Ark. Oct. 6, 2016). Therefore, this action, if construed pursuant to section 2254, would be successive. A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. 28 U.S.C. §§2244(b)(1)-(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

this Court lacks jurisdiction to adjudicate it.

A writ of habeas corpus may be granted by district courts within their respective jurisdictions. 28 U.S.C. § 2241(a). Section 2241(d) provides that state prisoners may bring habeas petitions "in the district court for the district wherein such person is in custody or in the district court for the district with which the State court was held which convicted and sentenced him." 28 U.S.C. §2241(d); *Carmichael v. Chappius*, 848 F.3d 536, 539 n.2 (2d Cir. 2017). Petitioner was convicted and sentenced in Arkansas for the underlying crimes that resulted is his current parole supervision in Arkansas. He was not convicted or sentenced in any state court within the "geographic boundary" of the Northern District of New York, and is not subject to any parole restraints by any New York entity. *Carmichael*, 848 F.3d at 539 n.2. In sum, there is no connection to this district that would authorize this Court to exercise jurisdiction over the petition. *Id.* (citing 28 U.S.C. §2241(d)).

Petitioner's argument that this Court should treat New York's refusal to accept transfer of his parole supervision as if New York placed a detainer against him, which prevented his release from prison (Pet. at 3-5), is without merit. When a petitioner held in one state wants to challenge a detainer lodged against him or her by another state, he or she may file a habeas petition against the future legal custodian residing within the filing court's jurisdiction, even if the petitioner is outside the court's jurisdiction. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. at 495, 498-99 (1973). But as noted, petitioner is not subject to future custody in New York, and New York did not lodge a detainer against him. The Arkansas parole board made the decisions regarding petitioner's release, and that entity, as well as the warden of his former correctional facility, are not within this Court's jurisdiction.

**IV. CONCLUSION**

6

**WHEREFORE**, it is

**ORDERED** that the motion to dismiss this action, filed by the New York State Attorney General and DOCCS (Dkt. No. 9), is **GRANTED.**  The petition is **DISMISSED IN ITS ENTIRETY AS TO ALL RESPONDENTS;** and it is

**ORDERED** that no certificate of appealability shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[3] and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2017

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").